# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| Delbert M. Greene<br><br>Plaintiff,<br><br>v.<br><br>Eighth Judicial District Court, et al.<br><br>Defendants. | Case No. 2:22-cv-01634-CDS-DJA<br><br>**Order<br>and<br>Report & Recommendation** |

This matter is before the court on *pro se* Plaintiff Delbert M. Greene's application to proceed *in forma pauperis* (ECF No. 1). Plaintiff brings a lawsuit challenging the Eighth Judicial District Court's training and supervision of its judges, court reporters, and clerk of court during his criminal trial in Nevada state court. (ECF No. 1-1). Plaintiff also alleges that his court-appointed attorneys provided ineffective assistance. (*Id.*). Because the Court finds that Plaintiff has submitted a complete application to proceed *in forma pauperis*, it grants his application. However, because the Court finds that Plaintiff has sued immune defendants and that his claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 484 (1994), it recommends dismissal.

**I.   *In forma pauperis* application.**

Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the Court will grant Plaintiff's request to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint.

**II.   Screening.**

Courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims

that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff's complaint fails for two reasons. First, he sues immune defendants. Second, his claims are more properly brought as a *habeas* petition under *Heck v. Humphrey*.

First, all the defendants Plaintiff sues are immune. Plaintiff sues the Eighth Judicial District Court for the conduct of Judge Linda Bell and Judge Jerry Weiss while appointing Plaintiff counsel and presiding over his trial, respectively. (ECF No. 1-1 at 4-5, 9). He also sues the Eighth Judicial District Court for failing to train court reporter Kimberly Farkas because of

her alleged failure to keep an accurate record. (ECF No. 1-1 at 10). Plaintiff sues Farkas individually as well. (ECF No. 1-1 at 2). Plaintiff also includes a claim against Clerk of Court Steven Grierson for failing to "follow" Plaintiff's filed documents. (ECF No. 1-1 at 15). However, judges and courts have absolute civil immunity for their judicial acts unless there is a "clear absence" of subject-matter jurisdiction. *Estes v. Gaston*, No. 2:12-cv-01853, 2012 WL 6645609, at *3 (D. Nev. Nov. 26, 2012) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-58 (1978)). Judicial immunity also extends to court staff. *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987) (explaining that court clerks are immune when they perform tasks that are an integral part of the judicial process). Plaintiff's allegations against the Eighth Judicial District Court, Kimberly Farkas, and Steven Grierson all arise out of actions taken as part of the judicial process. Plaintiff's claims thus fail because each of the defendants he names are immune for the actions he alleges.

Second, even if Plaintiff had named defendants who were not immune, Plaintiff's claims are barred because he should have brought them through a *habeas corpus* action. Plaintiff's complaint even asserts that he is bringing a "*habeas corpus* challenge." (ECF No. 1-1 at 5). And certain of Plaintiff's claims against the Eighth Judicial District Court[1] stem from the alleged ineffective assistance of counsel John Parris, Adam Gill, and Caesar Almase as his counsel. (ECF No. 1-1 at 6). He asserts that John Parris failed to assure that witnesses from Southern Hills Hospital testified that Plaintiff's hand was in a cast during the time of the robberies it appears that Plaintiff was charged with. (*Id.* at 6). He claims that Adam Gill had a conflict of interest. (*Id.* at 7). And he alleges that Almase failed to tell him about the possibility of filing a motion to dismiss or the existence of exculpatory facts. (*Id.* at 8).

---

[1] Plaintiff's claims warrant a point of clarification. Plaintiff sues the Eighth Judicial District Court for the actions of Parris, Gill, and Almase under the assumption that the Eighth Judicial District Court employed his counsel. He does not name Parris, Gill, and Almase as individual defendants. However, when the court appoints counsel to represent an individual, the appointed counsel is independent from the court. Plaintiff cannot sue the Eighth Judicial District Court for the actions of his appointed counsel.

3

However, if a § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by *habeas* petition, or through a similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). Under *Heck*, a party who was convicted of a crime is barred from bringing a suit under § 1983 if a judgment in favor of that party would necessarily imply the invalidity of the conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 114). Additionally, claims for ineffective assistance of counsel are not recognized under § 1983, despite the statute's literal applicability to the Sixth Amendment, because specific appellate and *habeas* statutes apply. *See Christensen v. Nguyen*, No. 2:20-cv-01770-APG-DJA, 2020 WL 6136220, at *4 (D. Nev. Oct. 19, 2020) (citing *Nelson v. Campbell*, 541 U.S. 637, 643 (2004)). Because Plaintiff's allegations that his court-appointed attorneys failed to properly defend him would necessarily imply the invalidity of his sentence, Plaintiff's claims are more properly brought through a *habeas*—rather than a § 1983—petition.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted**. Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail Plaintiff a copy of the Information and Instructions for Filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. This form can also be found at: chrome-

extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.nvd.uscourts.gov/wp-content/uploads/2017/08/2254-Habeas-Petition-NOT-Sentenced-to-Death-Packet.pdf.

### **RECOMMENDATION**

**IT IS RECOMMENDED** that the complaint (ECF No. 1-1) be **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

### **NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 5, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE